MARY'S OPINION HEADING 








NO. 12-09-00406-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

KYLE EDWIN
BARNHILL,                                    §          APPEAL FROM THE 420TH

APPELLANT

 

V.                                                                    §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §          NACOGDOCHES
 COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

PER CURIAM

Kyle
Edwin Barnhill appeals his conviction for murder.  Appellant=s
counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Appellant filed a pro se
brief. We dismiss Appellant=s appeal.

 

Background

Appellant
was charged by indictment with the offense of murder, a first degree felony.[1]
Before trial, Appellant filed a motion for change of venue, alleging that he
could not obtain a fair and impartial trial in Nacogdoches County.  At a
pretrial hearing, both parties agreed to have the trial court consider the
motion based on the written pleadings and withhold its ruling until after voir
dire had been conducted.  After the voir dire proceedings, the trial court
denied Appellant’s motion for change of venue based upon the written pleadings
as well as the information developed during jury selection.  At trial, Appellant
pleaded “not guilty by reason of insanity,” but the trial court entered
Appellant’s plea as “not guilty.”  After the trial concluded, the jury found
Appellant guilty of murder as charged in the indictment, and assessed his
punishment at life imprisonment and a $10,000 fine.[2]  This appeal
followed.

 

Analysis pursuant to Anders v. California

Appellant=s
counsel filed a brief in compliance with Anders and Gainous,
stating that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible error and that there is no error
upon which an appeal can be predicated.  From our review of Appellant=s
brief, it is apparent that his counsel is well acquainted with the facts in
this case.  In compliance with Anders, Gainous, and
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978),
counsel=s
brief presents a chronological summation of the procedural history of the case,
and further states that counsel is unable to raise any arguable issues for
appeal. 

In
Appellant=s pro se brief, he argues that the
trial court abused its discretion in denying Appellant’s motion for change of
venue, and that the State’s attorney engaged in prosecutorial misconduct by not
recusing herself.  We have reviewed the record for reversible error and have
found none.  See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.
Crim. App. 2005).

 

Conclusion

As
required, Appellant=s counsel has moved for
leave to withdraw.  See In re Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008) (orig. proceeding); Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991).  We agree with Appellant=s
counsel that the appeal is wholly frivolous and his motion for leave to
withdraw is hereby granted.  See In re Schulman,
252 S.W.3d at 408-09.

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review.  See Tex. R. App. P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or he must file a pro se petition for
discretionary review.  See In re Schulman, 252 S.W.3d at 408
n.22.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3; In re
Schulman, 252 S.W.3d at 408 n.22.  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R.
App. P. 68.4; In re Schulman, 252 S.W.3d at 408 n.22.

 

Disposition

We
dismiss Appellant=s appeal.

Opinion delivered March 31, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

                                                                              

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 









[1] See
Tex. Penal Code Ann. §
19.02(b)(1), (c) (Vernon 2003).  Appellant was also charged with the offense of
aggravated assault in count two of the indictment.  However, the State
abandoned count two of the indictment before voir dire.





[2] An individual adjudged guilty of a first degree
felony shall be punished by imprisonment for life or for any term of not more
than ninety-nine years or less than five years and, in addition, a fine not to
exceed $10,000. Tex. Penal Code Ann. §
12.32 (Vernon Supp. 2010).